UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PEOPLE'S LEGAL GROUP, INC.**<br><br>*Defendant*. | Civil Case No.: 25-cv-4564 |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    a.   <u>State the basis for federal jurisdiction.</u>

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

    b.   <u>Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims.</u>

"For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020). The Plaintiff alleges that People's Legal Group, Inc made unsolicited pre-recorded telemarketing calls to his cellular telephone number as well as those of putative class members.

Defendant denies all of Plaintiff's allegations and states that Defendant did not make any of the calls alleged. To the extent any calls were made to Plaintiff, there was express and/or implied consent to receive the calls, the calls were not made using an automatic telephone dialing system, the Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the do-not-call registry, and any call was placed in error (safe harbor defense).

    c. <u>Describe the relief sought.</u>

    The Plaintiff is seeking to certify the following class:

> **TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made. Specifically, Plaintiff is entitled to an award of $500 in statutory damages for each violation of the statute. Statutory damages under the TCPA may be trebled if the Court, in its discretion, deems that a defendant "willfully or knowingly" violated the TCPA.

Defendant denies that Plaintiff is entitled to any relief and further states that individual issues predominate the class, there is a lack of ascertain-ability who is or is not a member of the proposed class, and a class action is not a superior method of adjudication.

    d. <u>State whether there has been a jury demand.</u>

Yes.

    e. <u>List the names of any parties who have not yet been served.</u>

None.

**II.** <u>**Discovery and Pending Motions**</u>

    A. <u>Identify any pending motions</u>

        None.

    B. Submit a proposal for discovery and a case management plan that includes the following information: (1) the type of discovery needed, including any potential electronic discovery or bifurcated discovery; (2) the need for any proposed protective orders; (3) a date for Rule 26(a)(1) disclosures; (4) a date for the completion of fact <u>discovery; and (5) whether there will be expert discovery.</u>

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for Defendant; (3) ESI related to any purported consent to receive calls and requests by recipients to no longer receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and its responses thereto.

The Defendant will seek from the Plaintiff discovery regarding the phone calls allegedly made to Plaintiff, which will include discovery of Plaintiff's telephone records.

No bifurcation of discovery is needed.

The parties are amenable to the entry of a protective order.

Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result. Defendant may or may not submit expert testimony.

The parties suggest the following schedule:

| Event | Deadline |
|---|---|
| Initial Disclosures | July 21, 2025 |
| Amendment to the pleadings | October 7, 2025 |
| Disclosure of Expert Report(s) | January 12, 2026 |
| Completion of Discovery | February 11, 2026 |
| Class Certification Motion | February 27, 2026 |
| Dispositive Motions | February 27, 2026 |

III. **Settlement and Referrals**

A. **State whether any settlement discussions have occurred and describe the status of any settlement discussions.**

The parties have discussed settlement and believe that more discovery is needed at this time to make those conversations productive as this is a putative class action.

B. **State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.**

The parties are not requesting a settlement conference at this time.

C. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction. (Do not report whether individual parties have so consented.)**

The parties have done so.

[SIGNATURES ON FOLLOWING PAGE]

PLAINTIFF,
By his attorney
*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

DEFENDANT,
By its attorney
*/s/ Matthew T. Anderson*
Matthew T. Anderson
Luper Neidenthal & Logan, LPA
1160 Dublin Road, Suite 400
Columbus, OH 43215
(614) 229-4473
manderson@LNLattorneys.com