## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br> v. <br><br> **PEOPLE'S LEGAL GROUP, INC.** <br><br> *Defendant*. | Civil Case No.: 25-cv-4564 |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY

Now comes Defendant People's Legal Group, by and through its undersigned counsel, and hereby responds to Plaintiff's First Set of Discovery.

Respectfully submitted,

**LUPER NEIDENTHAL & LOGAN**
A Legal Professional Association

*/s/ Matthew T. Anderson*
Matthew T. Anderson (OH 0082730)
Kyle T. Anderson (OH 0097806)
1160 Dublin Road, Suite 400
Columbus, Ohio 43215
Telephone:    (614) 221-7663
Facsimile:    (866) 345-4948
Email: manderson@LNLattorneys.com
Email: kanderson@LNLattorneys.com
*Attorneys for Defendant People's Legal Group, Inc.*

**GENERAL OBJECTIONS**

The responses of Defendant to the Discovery Requests of Plaintiff are subject to the General Objections set forth below and all pertinent objections as to the admissibility thereof that may be interposed at the trial of the above-captioned action. These General Objections shall be considered made, to the extent applicable, in response to each Discovery Request as if the General Objections were fully set forth therein.

1.      Defendant objects to each Discovery Request to the extent that it seeks to impose duties or obligations upon Defendant that are greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Court's Local Rules.

2.      Defendant objects to each Discovery Request to the extent that it seeks information and/or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, protection, or immunity. No privileged information or materials will be produced. In the event that privileged information or materials are inadvertently produced to Plaintiff, any copies or images thereof shall be returned to Defendant's counsel immediately upon discovery thereof. Inadvertent production of any information or materials containing such protected information shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or immunity.

3.      Defendant objects to each Discovery Request to the extent that it seeks information and/or documents confidential, proprietary, trade secret or competitively sensitive data and material. Defendant will provide such information or materials only to the extent that Plaintiff agrees that it will be deemed confidential or highly confidential, depending on the content of the information or materials, subject to a protective order entered in this action.

4.      Defendant objects to each Discovery Request to the extent that it is vague, ambiguous, and/or not susceptible to a reasoned interpretation.

5.      Defendant objects to each Discovery Request to the extent that it is unduly burdensome, overly broad, oppressive, or seeks information or materials neither relevant to the issues presented in this case, nor reasonably calculated to lead to admissible evidence or proportional to the needs of the case.

6.      Defendant objects to each Discovery Request to the extent that it does not contain any temporal limitations or limitations as to scope.

7.      Defendant objects to each Discovery Request to the extent that it seeks information or materials already within Plaintiff's possession, custody, or control, or information or materials readily available to Plaintiff in the public record.

8.      Defendant objects to each Discovery Request to the extent that it calls for Defendant to provide information or materials that are not within Defendant's possession, custody, or control.

9.      Defendant objects to each Discovery Request to the extent that it calls for Defendant to create a not already existing document.

10.     Defendant objects to each Discovery Request to the extent that it seeks to define terms and/or characterize the evidence in this matter.  To the extent that Defendant provides information or materials in response to Plaintiff's Discovery Requests, such responses to Plaintiff's requests are neither an express nor implied agreement or admission as to the meaning of a term or characterization of evidence.

The foregoing General Objections apply to each of the specific Discovery Requests and are hereby incorporated in Defendant's specific responses and objections set forth below.  The specific

3

responses and objections are not intended to be, nor shall the same be deemed, a waiver, either in whole or in part, of any of the foregoing General Objections.

Defendant's objections made herein, or lack thereof, shall not be deemed to be an admission of any kind by Defendant, including as to the existence or non-existence of any materials. No statement that Defendant will provide the required materials shall be deemed to be a representation that such materials exist, but rather that Defendant will produce such materials to the extent that they do exist and are in Defendant's possession, custody, and control.

These responses to Plaintiff's requests are based upon information known or believed to be true at the time of these responses. Defendant expressly reserves the right to amend these responses if Defendant learns of new responsive information through discovery, or otherwise.

Subject to and limited by these General Objections and all pertinent objections as to the admissibility thereof that may be interposed at the trial or any other disposition of the above-captioned action, Defendant hereby responds to Plaintiff's Discovery Requests as follows:

## RESPONSES TO INTERROGATORIES

1.     Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**

Stephanie Devilliers, Director of Operations at People's Legal Group

2.     Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:**

This information is not within the possession, custody, or control of Defendant People's Legal Group. Defendant does not make outbound calls. Defendant purchases leads from The Hardship Department, LLC.

3.      Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**:

This information is not within the possession, custody, or control of Defendant People's Legal Group. Defendant understands The Hardship Department, LLC to be a marketing vendor who sells leads. The last known contact information for The Hardship Department is below:

| Registration Detail | |
|---|---|
| **FRN:** | 0032622367 |
| **Registration Date:** | 07/06/2022 02:24:00 PM |
| **Last Updated:** | |
| **Entity Name:** | The Hardship Department LLC |
| **Entity Type:** | Foreign Entity |
| **Contact Organization:** | The Hardship Department |
| **Contact Position:** | Owner |
| **Contact Name:** | Mr Stephen C Norris Jr |
| **Contact Address:** | 25565 Corte Zorita Murrieta, CA 92563 United States |
| **Contact Email:** | thehardshipdepartment@gmail.com |
| **ContactPhone:** | (949) 378-6614 |
| **ContactFax:** | |

4.      Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:**

This information is not within the possession, custody, or control of Defendant People's Legal Group.

5.      Identify each of the individuals that spoke with the Plaintiff from your company or any of its vendors.

**ANSWER**:

No one – Defendant does not believe that anyone spoke with Plaintiff.

6.      If you contend that the Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

See enclosed.  An opt-in was received from Plaintiff on August 10, 2024.

7.      If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**

The Hardship Department, LLC.  See Defendant's response to Interrogatory No. 3.

8.      Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

Only communications with The Hardship Department, LLC.

9.      Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

This information is not within the possession, custody, or control of Defendant People's Legal Group.

10.     State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

Defendant opted-in to receive telephone calls or otherwise baited a marketing company to telephone Plaintiff.  Plaintiff is also a serial litigator.

11.     Identify any person (whether employed by you or not) whom you have disciplined,

reprimanded, or taken similar action against for allowing or making allegedly unlawful or

unauthorized outbound calls. In your answer, please identify all persons involved in any

investigation, describe the reasons for your disciplinary action or reprimand, and describe the action

taken against the person.

**ANSWER**:

None.


Dated August 8, 2025

As to Objections:

*/s/ Matthew T. Anderson*
Matthew T. Anderson (OH 0082730)
Luper Neidenthal & Logan, LPA

## **DEFENDANT'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS**

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

See enclosed documents.

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

See enclosed documents.

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:**

See enclosed documents.

4. Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:**

Defendant does not have responsive documents and reserves the right to supplement this response as discovery progresses.

5.      Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:**

Defendant is only aware of the complaints made in this litigation and concerning Joanna Barker, who is also represented by Plaintiff's counsel.

6.      All contracts or documents representing agreements with any vendor that provided you with the the Plaintiff telephone number or information.

**RESPONSE:**

Defendant does not have responsive documents and reserves the right to supplement this response as discovery progresses. Defendant does not have a signed written agreement with The Hardship Department, LLC.

7.      All internal communications at your company regarding any vendor that provided you with the Plaintiff telephone number or information.

**RESPONSE:**

Defendant does not have responsive documents and reserves the right to supplement this response as discovery progresses.

8.      All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

Defendant does not have responsive documents and reserves the right to supplement this response as discovery progresses.

9.      All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

OBJECTION.  This Request is unduly burdensome.  Subject to and without waiving said Objection, Defendant is reviewing this Request and will supplement its response.

10.      All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

Defendant does not have responsive documents and reserves the right to supplement this response as discovery progresses.

11.      Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

Defendant does not have responsive documents and reserves the right to supplement this response as discovery progresses.

12.      Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

Defendant does not have responsive documents and reserves the right to supplement this response as discovery progresses.

13.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

    a)  compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

    b)  obtaining or verifying prior express consent;

    c)  complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

OBJECTION.  This Request assumes that Defendant makes phone calls or is otherwise subject to the TCPA.  Defendant does not do any marketing or solicitations, nor does Defendant make telephone calls.  Subject to and without waiving said Objection, Defendant requests that any and all vendors must comply with any and all state and federal laws and regulations.  Further answering, see enclosed DNC Policy for The Hardship Department, LLC, which was obtained through an informal request.

14.     Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors, including those made to the Plaintiff:

    a)  the date and time;

    b)  the caller ID;

    c)  any recorded message used;

    d)  the result;

    e)  identifying information for the recipient; and

    f)  any other information stored by the call detail records.

**RESPONSE:**

OBJECTION.  This Request assumes that Defendant makes phone calls or is otherwise subject to the TCPA.  Defendant does not do any marketing or solicitations, nor does Defendant

make telephone calls. Subject to and without waiving said Objection, Defendant does not have responsive documents and reserves the right to supplement this response as discovery progresses.

15.    Documents supporting any purported consent that authorized the above calls.

**RESPONSE:**

See enclosed documents.

16.    All communications with any third party concerning this litigation other than your

attorney.

**RESPONSE:**

OBJECTION. This Request is unduly burdensome. Subject to and without waiving said Objection, Defendant is reviewing this Request and will supplement its response.

Dated: August 8, 2025                    Respectfully submitted,

                                                      **LUPER NEIDENTHAL & LOGAN**
                                                        A Legal Professional Association

                                                        */s/ Matthew T. Anderson*
                                                        Matthew T. Anderson (OH 0082730)
                                                        Kyle T. Anderson (OH 0097806)
                                                        1160 Dublin Road, Suite 400
                                                        Columbus, Ohio 43215-1052
                                                        (614) 221-7663 Fax: (866) 345-4948
                                                        Email: manderson@LNLattorneys.com
                                                        Email: kanderson@LNLattorneys.com
                                                        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served by e-mail only on this 8th day

of August, 2025, upon the following:

Anthony I. Paronich
Paronich Law, P.C.
anthony@paronichlaw.com
*Attorney for Plaintiff*

*/s/ Matthew T. Anderson*
Matthew T. Anderson (0082730)

## STATE OF WYOMING ✳ SECRETARY OF STATE
## BUSINESS DIVISION

Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
Phone: 307-777-7311 · Website: https://sos.wyo.gov · Email: business@wyo.gov

## Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | People's Legal Group Inc. | | |
|---|---|---|---|
| Filing ID | 2024-001447356 | | |
| Type | Profit Corporation | Status | Active |

## General Information

| | | | |
|---|---|---|---|
| Old Name | | Sub Status | Current |
| Fictitious Name | | Standing - Tax | Good |
| | | Standing - RA | Good |
| Sub Type | Statutory Close Corporation | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 04/25/2024 9:37 AM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | |

### Share Information

| | | | | | |
|---|---|---|---|---|---|
| Common Shares | 1,000 | Preferred Shares | 0 | Additional Stock | N |
| Par Value | 100.0000 | Par Value | 0.0000 | | |

### Principal Address

1309 Coffeen Avenue STE 14718
Sheridan, Wyoming 82801

### Mailing Address

1309 Coffeen Avenue STE 14718
Sheridan, Wyoming 82801

### Registered Agent Address

Cloud Peak Law, LLC
1095 Sugar View Dr Ste 500
Sheridan, WY 82801

### Parties

| Type | Name / Organization / Address |
|---|---|
| Incorporator | Andrew Pierce  1095 Sugar View Dr STE 500, Sheridan, Wyoming, 82801 |

### Notes

| Date | Recorded By | Note |
|---|---|---|
| | | |

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | People's Legal Group Inc. | | |
|------|--------------------------|--|--|
| Filing ID | 2024-001447356 | | |
| Type | Profit Corporation | Status | Active |

## Most Recent Annual Report Information

| | | | | | |
|--|--|--|--|--|--|
| Type | Original | | | AR Year | 2025 |
| License Tax | $60.00 | AR Exempt | N | AR ID | 11050828 |
| AR Date | 3/2/2025 4:57 PM | | | | |
| Web Filed | Y | | | | |

### Officers / Directors

| Type | Name / Organization / Address |
|------|-------------------------------|
| Secretary | Andrew Pierce  1309 Coffeen Avenue STE 14718, Sheridan, Wyoming, 82801 |

| Principal Address | Mailing Address |
|-------------------|-----------------|
| 1309 Coffeen Avenue STE 14718 | 1309 Coffeen Avenue STE 14718 |
| Sheridan, Wyoming 82801 | Sheridan, Wyoming 82801 |

## Annual Report History

| Num | Status | Date | Year | Tax |
|-----|--------|------|------|-----|
| 11050828 | Original | 03/02/2025 | 2025 | $60.00 |

## Amendment History

| ID | Description | Date |
|----|-------------|------|
| See Filing ID | Initial Filing | 04/25/2024 |

**Wyoming Secretary of State**

Herschler Bldg East, Ste.100 & 101

Cheyenne, WY 82002-0020
Ph. 307-777-7311

For Office Use Only

**WY Secretary of State**
**FILED:** Apr 25 2024  9:37AM
**Original ID: 2024-001447356**

# Statutory Close Corporation Profit Corporation
# Articles of Incorporation

**I.** **The name of the statutory close corporation profit corporation is:**

People's Legal Group Inc.

**II.** **The name and physical address of the registered agent of the statutory close corporation profit corporation is:**

Cloud Peak Law, LLC

1095 Sugar View Dr Ste 500

Sheridan, WY 82801

**III.** **The mailing address of the statutory close corporation profit corporation is:**

1309 Coffeen Avenue STE 14718

Sheridan, Wyoming 82801

**IV.** **The principal office address of the statutory close corporation profit corporation is:**

1309 Coffeen Avenue STE 14718

Sheridan, Wyoming 82801

**V.** **The number, par value, and class of shares the statutory close corporation profit corporation will have the authority to issue are:**

| | | | |
|---|---|---|---|
| Number of Common Shares: | 1,000 | Common Par Value: | $100.0000 |
| Number of Preferred Shares: | 0 | Preferred Par Value: | $0.0000 |

**VI.** **The name and address of each incorporator is as follows:**

Andrew Pierce

1095 Sugar View Dr STE 500, Sheridan, Wyoming, 82801

**Signature:** *Andrew Pierce*　　　　　　　　　　　　　　**Date:** **04/25/2024**

Print Name: **Andrew Pierce**

Title: **Authorized Individual**

Email: **reports@wyomingllcattorney.com**

Daytime Phone #: **(307) 683-0983**

PLG00003

**Wyoming Secretary of State**

Herschler Bldg East, Ste.100 & 101

Cheyenne, WY 82002-0020

Ph. 307-777-7311

---

☑ I am the person whose signature appears on the filing; that I am authorized to file these documents on behalf of the business entity to which they pertain; and that the information I am submitting is true and correct to the best of my knowledge.

☑ I am filing in accordance with the provisions of the Wyoming Business Corporation Act, (W.S. 17-16-101 through 17-16-1804) and Registered Offices and Agents Act (W.S. 17-28-101 through 17-28-111).

☑ I understand that the information submitted electronically by me will be used to generate Articles of Incorporation that will be filed with the Wyoming Secretary of State.

☑ I intend and agree that the electronic submission of the information set forth herein constitutes my signature for this filing.

☑ I have conducted the appropriate name searches to ensure compliance with W.S. 17-16-401.

☑ I affirm, under penalty of perjury, that I have received actual, express permission from each of the following incorporators to add them to this business filing: Andrew Pierce

☑ I consent on behalf of the business entity to accept electronic service of process at the email address provided with Article IV, Principal Office Address, under the circumstances specified in W.S. 17-28-104(e).

**Notice Regarding False Filings: Filing a false document could result in criminal penalty and prosecution pursuant to W.S. 6-5-308.**

---

**W.S. 6-5-308. Penalty for filing false document.**

(a) A person commits a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if he files with the secretary of state and willfully or knowingly:

(i) Falsifies, conceals or covers up by any trick, scheme or device a material fact;

(ii) Makes any materially false, fictitious or fraudulent statement or representation; or

(iii) Makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.

---

☑ I acknowledge having read W.S. 6-5-308.

**Filer is:** ☐ An Individual  ☑ An Organization

The Wyoming Secretary of State requires a natural person to sign on behalf of a business entity acting as an incorporator, organizer, or partner. The following individual is signing on behalf of all Organizers, Incorporators, or Partners.

**Filer Information:**

**By submitting this form I agree and accept this electronic filing as legal submission of my Articles of Incorporation.**

Signature: *Andrew Pierce*          Date: **04/25/2024**

Print Name:     **Andrew Pierce**

Title:          **Authorized Individual**

Email:          **reports@wyomingllcattorney.com**

Daytime Phone #:  **(307) 683-0983**



**Secretary of State**

**Wyoming Secretary of State**

Herschler Bldg East, Ste.100 & 101

Cheyenne, WY 82002-0020
Ph. 307-777-7311

---

## Consent to Appointment by Registered Agent

**Cloud Peak Law, LLC**, whose registered office is located at **1095 Sugar View Dr Ste 500, Sheridan, WY 82801**, voluntarily consented to serve as the registered agent for **People's Legal Group Inc.** and has certified they are in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

I have obtained a signed and dated statement by the registered agent in which they voluntarily consent to appointment for this entity.

Signature: *Andrew Pierce*                    Date: **04/25/2024**

Print Name:     **Andrew Pierce**

Title:     **Authorized Individual**

Email:     **reports@wyomingllcattorney.com**

Daytime Phone #:     **(307) 683-0983**

PLG00005

# STATE OF WYOMING
## Office of the Secretary of State

I, CHUCK GRAY, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

CERTIFICATE OF INCORPORATION

**People's Legal Group Inc.**

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **25th** day of **April**, **2024** at **9:37 AM.**

Remainder intentionally left blank.

Filed Date: 04/25/2024

_____
Secretary of State

Filed Online By:

Andrew Pierce

on 04/25/2024

**Hardship Department LLC – Do-Not-Call (DNC) Policy**

**Effective Date:** [Insert Today's Date]
**Managing Member:** Stephen Norris
**Company Phone:** 949-357-7373
**Company Email:** snorris@hardshipdepartment.com

**1. Policy Overview**
Hardship Department LLC strictly adheres to all federal and state Do-Not-Call (DNC) regulations, including compliance with the Telephone Consumer Protection Act (TCPA) and FCC regulations.

**2. Internal DNC List**
Hardship Department LLC maintains a company-specific internal DNC list. When a customer requests not to receive future calls, we promptly honor that request and add their number permanently to our internal DNC database.

**3. Employee Training**
All employees involved in outbound calls and marketing activities are regularly trained on FCC and TCPA regulations and company compliance procedures. Employees are required to respect and immediately implement all consumer requests to be placed on our DNC list.

**4. Recording and Honoring Requests**

- Consumers may request placement on our DNC list verbally or in writing. Requests are processed promptly—typically within 24 hours, and no later than 30 days after receiving the request.

- The request is permanent unless the consumer explicitly rescinds it.

**5. Access to DNC List**
All staff and affiliates engaged in marketing or telemarketing activities have immediate and real-time access to our internal DNC list to ensure full compliance at all times.

**6. Compliance Monitoring & Enforcement**
We regularly audit outbound call activities to ensure compliance. Any violation of this policy by our employees results in immediate corrective action, including additional training, disciplinary measures, or termination.

**7. Contact Information**
Consumers wishing to be placed on our internal DNC list or with any compliance questions should contact us directly at:

- **Mail:** Hardship Department LLC, Attention: DNC Compliance, [Your Physical Address]

- **Phone:** 949-357-7373

- **Email:** snorris@hardshipdepartment.com

## 8. Commitment to Compliance

Hardship Department LLC is committed to maintaining rigorous compliance with TCPA, FCC rules, and applicable state regulations to respect consumers' privacy and communication preferences.