IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jorge Rojas, on behalf of himself and all others similarly situated, | ) Case No. 1:25−cv−04564 |
| Plaintiff, | ) Judge Jorge L. Alonso |
| vs. | ) Magistrate Judge M. David Weisman |
| People's Legal Group, Inc., | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

Now comes Defendant People's Legal Group, Inc., by and through its undersigned counsel, and hereby submits its memorandum opposing Plaintiff's Motion to Compel.

**I.     INTRODUCTION AND BACKGROUND**

Plaintiff bears the burden of certifying his putative class. Yet here, Plaintiff seeks an order compelling Defendant to conduct third-party discovery to obtain information and documents from a third party who is not a party to this action. These documents are not within Defendant's possession, custody, or control and therefore, Defendant cannot be compelled to issue third-party discovery. Plaintiff has subpoena rights and can of course seek third-party discovery himself through the Federal Rules of Civil Procedure.

The remainder of Plaintiff's requests are premature, as he moved to compel discovery the same day the Parties met and conferred, notwithstanding that defense counsel advised that they were awaiting information from Defendant.

1

Plaintiff in part moves to compel the production of call records and consent documentation maintained by a third-party entity, The Hardship Department, LLC. The Hardship Department is the telemarketing company who made the telephone calls at issue, and thus any responsive documents concerning call records are not with Defendant's possession, custody, or control.

## II. LAW AND ARGUMENT

Plaintiff's Motion to Compel should be denied because it is both premature and legally unsupported. Plaintiff filed the motion the same day the parties met and conferred. The Federal Rules require cooperation and reasonable time for compliance – not rushed judicial intervention. Moreover, Plaintiff seeks documents that are not within Defendant's possession, custody, or control, contrary to Rule 34 and well-established precedent.

### A. PLAINTIFF'S MOTION IS PREMATURE

During their meet-and-confer telephone conference on August 20, defense counsel advised Plaintiff's counsel that they have requested a response (even if no such documents exist) from Defendant. Plaintiff is correct in stating that defense counsel was unable to provide a date certain for responses and have been diligent in their attempts to obtain such documents. As of the date of this Memorandum, defense counsel is still awaiting responsive information and has followed up yet again.

### B. PLAINTIFF'S DEMAND FOR CALL RECORDS SHOULD BE DENIED BECAUSE THEY ARE NOT WITHIN DEFENDANT'S POSSESSION, CUSTODY, OR CONTROL

Federal Civil Rule 34(a)(1) limits discovery to documents within a responding party's "possession, custody, or control." The Seventh Circuit has made clear that "control" means the

2

legal right to obtain the documents on demand, not mere practical ability or past cooperation. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426–27 (7th Cir. 1993) (holding that documents held by a third-party contractor were not within the party's control because the party lacked a legal right to compel their production).

Here, the call records Plaintiff seeks are maintained by an independent marketing vendor, and Defendant has no contractual or legal right to demand those records (absent a subpoena). And Defendant is not aware of any legal authority requiring Defendant to issue a third-party subpoena upon The Hardship Department. Moreover, Plaintiff has the burden of class certification and can issue his own third-party subpoena.

Plaintiff argues that because Defendant produced some documents that may have once been in the possession, custody, or control of the third party, or that were otherwise submitted through cooperation, Defendant must be in control of all other requested documents. This reasoning was rejected in *Chaveriat*: "The fact that a party could obtain a document if it tried hard enough…does not mean that the document is in its possession, custody, or control." *Id.*

Therefore, pursuant to the Federal Civil Rules and Seventh Circuit jurisprudence, Defendant cannot be compelled to produce documents and information not within its possession, custody, or control.

    **C.    PLAINTIFF'S REQUEST FOR CONSENT DOCUMENTATION BEYOND WHAT DEFENDANT POSSESSES IS ALSO IMPROPER**

Plaintiff also seeks all consent records for every individual contacted by the marketing vendor. Defendant has produced the consent information it possesses, which is relevant to the putative class plaintiff who submitted an opt-in form online. It cannot be compelled to obtain additional records from a third party.

3

Plaintiff cites *Meridian Labs., Inc.*, suggesting that because Defendant produced the consent records in its possession, it somehow demonstrated that it is in control of all consent records. The *Meridian Labs* case specifically addresses the issue of control when "the moving party seeks to have a corporate party produce documents in the possession of a non-party corporation with which it has some sort of relationship (i.e., as an affiliate, sister corporation, parent, or subsidiary)." *Meridian Laboratories, Inc. v. Oncogenerix United States*, Inc., 333 F.R.D. 131, 135 (N.D. Ill. 2019).

That scenario is simply not applicable here. The third party having the possession, custody, and control of the requested information is in no way an affiliate, sister corporation, parent, or subsidiary of Defendant. Therefore, it would be inappropriate to use factors applicable to closely related entities as the basis to infer that Defendant "has control" of these documents.

## III.  CONCLUSION

Plaintiff's Motion to Compel should be denied. Plaintiff bears the burden of proving class certification and cannot shift that burden to Defendant to pursue discovery against third parties. In sum, Defendant cannot be compelled to produce documents that are not within its possession, custody, or control. For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

        Respectfully submitted,

        **LUPER NEIDENTHAL & LOGAN**
        A Legal Professional Association

        */s/ Matthew T. Anderson*
        Matthew T. Anderson (OH 0082730)
        Kyle T. Anderson    (OH 0097806)
        1160 Dublin Road, Suite 400
        Columbus, Ohio 43215
        Telephone:    (614) 221-7663
        Facsimile:     (866) 345-4948
        Email: manderson@lnlattorneys.com
        Email: kanderson@lnlattorneys.com
        *Counsel for Defendant People's Legal Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2025, a copy of the foregoing was electronically filed through the Court's CM/ECF system, which will provide service to the following:

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

*/s/ Mattew T Anderson*
Matthew T. Anderson (0082730)
*Counsel for Defendant*