IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jorge Rojas, on behalf of himself and all others similarly situated, | ) ) ) | Case No. 1:25−cv−04564 |
| | ) | Judge Jorge L. Alonso |
| Plaintiff, | ) ) | |
| | ) | Magistrate Judge David Weisman |
| v. | ) ) | |
| People's Legal Group, Inc., | ) ) ) | |
| Defendant | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL RESPONSES
TO DISCOVERY INCLUDING THE PRODUCTION
<u>OF CALLING DATA NECESSARY FOR CLASS CERTIFICATION AND TRIAL</u>**

## INTRODUCTION

Plaintiff submits this reply to address two narrow points: (1) Defendant's "premature" argument and apparent belief that it can resume and complete its production whenever it would like, and (2) Defendant's insistence that their vendor's consent records are outside its "control," despite its own admissions and production history.

## ARGUMENT

### I. "Premature" is not a defense to Rule 34; Defendant still refuses to give a date certain

Defendant's opposition confirms the problem rather than resolves it. Defense counsel told Plaintiff it was unable to provide a date certain and is merely awaiting responsive information. See Opp. at 1–2. Rule 34(b)(2)(B), however, requires a party who does not produce with its response to specify "another reasonable time" for production, and Rule 34(b)(2)(C) obligates the party to state whether materials are being withheld. Open-ended "we're working on it" supplementation frustrates Rule 1's command for a just, speedy, and inexpensive resolution and prevents the parties from framing any residual disputes for efficient adjudication. Courts in this District reject exactly this kind of boilerplate delay; a responding party must explain what was searched, what remains, and when it will be completed—vague assurances are not enough. *See City of Rockford v. Mallinckrodt ARD Inc.,* 326 F.R.D. 489, 492–93 (N.D. Ill. 2018) (requiring specifics on custodians and systems and rejecting conclusory burden and delay assertions). Here, Defendant has already conceded relevance and agreed to produce vendor-facing categories directed at The Hardship Department yet still offers no completion date. Its own responses illustrate the point: for communications with the vendor that dialed the calls (RFP 9) and communications about this lawsuit with non-counsel (RFP 16), Defendant says it is "reviewing" and "will supplement," but provides no completion date; on outbound call detail records (RFP

1

14), it claims it does not have responsive documents but "reserves the right to supplement," again without any timeline; and on compliance materials (RFP 13), it acknowledges producing the Hardship Department DNC policy "obtained through an informal request," yet still does not state when the remainder will be produced.

Without a date certain, Plaintiff cannot complete his class-certification analysis that turns on call and consent data, evaluate whether true disputes remain, or narrow issues through targeted meet-and-confer. Indeed, the Defendant's opposition states, "As of the date of this Memorandum, defense counsel is still awaiting responsive information and has followed up yet again." *See* ECF No. 22 at *2. The Court should set a firm deadline for completion, require a simultaneous privilege log and, if Defendant cannot meet the deadline, require a sworn, itemized schedule for finishing so this case can move forward.

## II. Vendor call and consent records are within Defendant's "control" and must be produced.

The Defendant's strategy is clear: it has continued its relationship with The Hardship Department and has decided not to name The Hardship Department in a Third-Party Complaint despite pointing the finger at them in discovery. This strategy is done with forethought, because it is well aware that The Hardship Department has abandoned the address it has provided for them in this litigation. *See* Exhibit A – Declaration of Process Server. Finally, the Defendant has also frustrated the Plaintiff's ability to name The Hardship Department as a defendant because it has produced practically no documents about their relationship (no contract, no correspondence and no documents reflecting payments or about this litigation). Luckily for the consumers inundated with the pre-recorded calls at issue, other Courts in this District have rejected this tactic by requiring a defendant to obtain records of calls sent by its vendor, and this Court should do the same.

Defendant leans on *Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420 (7th Cir. 1993), to argue that "control" requires a formal legal right, not practical ability, and that Plaintiff should subpoena vendors instead. See Opp. at 2–4. That argument ignores authority holding that "control" exists where relationships provide the legal right or practical authority to obtain documents from agents/vendors—especially where the party already retrieves them when convenient. *See, e.g., Hagenbuch v. 3B6 Sistemi Elettronici Indus. S.R.L.,* 2006 WL 665005, at *3–5 (N.D. Ill. Mar. 8, 2006) (control where relationship enabled retrieval); *Dexia Crédit Local v. Rogan*, 231 F.R.D. 538, 541–42 (N.D. Ill. 2004) (course of dealing and access demonstrate control).

Critically here, *the record establishes control*. Defendant produced the Hardship Department's written DNC policy, which states: "All staff and affiliates engaged in marketing or telemarketing activities have immediate and real-time access to our internal DNC list to ensure full compliance at all times." Defendant further admits it obtained this policy "through an informal request." That is the very access right and course of dealing Rule 34 contemplates. Defendant also has already obtained and produced "consent" files for two individuals while refusing to retrieve the corresponding call logs—precisely the kind of selective vendor retrieval courts forbid when the vendor acted on the seller's behalf. The Defendant cannot pick and choose what documents to obtain. Defendant's brief does not confront the many cases compelling vendor call and consent data used to generate leads or make outreach on a defendant's behalf, including order from TCPA cases in this District from Judge Pallmeyer and Judge Darrah. *See, e.g., Charvat v. DelivercareRX, Inc.,* No. 14-cv-6832 (N.D. Ill.), Doc. 25 (ordering vendor call-record production); *Fitzhenry v. Career Educ. Corp., et al.*, No. 14-cv-10172, Doc. 101 (N.D. Ill.) ("The stay on discovery is modified for the limited purpose of

3

requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."). Nor does the opposition grapple with the practical reality that Plaintiff attempted Rule 45 discovery and the attached Affidavit of Nonservice documents multiple unsuccessful attempts to serve The Hardship Department at the addresses Defendant identified. *See* Exhibit A.

      Allowing People's Legal Group to "point to the empty chair" while withholding vendor records would invert Rule 34 and reward gamesmanship. Defendant continues to benefit from Hardship Department's telemarketing, refuses to implead that vendor, knows the vendor is evading service (Exhibit A), and at the same time has produced virtually nothing about the relationship. Yet PLG has already shown it can retrieve vendor materials when it wants to—it obtained the vendor's DNC policy "through an informal request" and cherry-picked two "consent" files—so it cannot now disclaim the ability to retrieve the rest. Courts in this District have rejected precisely this tactic and compelled defendants to obtain vendor call data used to market on their behalf in TCPA cases The same result should follow here. Otherwise, Defendant would enjoy a unilateral veto over class discovery simply by exporting core records to a vendor it knows to be unreachable, while continuing to assert defenses (like "consent") that only those records could prove. Rule 1, Rule 16, and Rule 34 demand more: PLG must obtain and produce the vendor call and consent records and communications by a date certain. No party should be permitted to manufacture a discovery vacuum and then hide inside it.

## CONCLUSION

      The Plaintiff's motion to compel should be granted.

Dated: September 4, 2025             /s/ *Anthony I. Paronich*
                                     Anthony I. Paronich
                                     PARONICH LAW, P.C.
                                     350 Lincoln Street, Suite 2400
                                     Hingham, MA 02043
                                     Tel: (617) 485-0018
                                     Fax: (508) 318-8100
                                     anthony@paronichlaw.com

                                     *Counsel for Plaintiff and the proposed class*