## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25 CV 4564 |
| v. | ) ) ) | Magistrate Judge M. David Weisman |
| PEOPLE'S LEGAL GROUP, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

The case is before the Court on plaintiff's motion to compel defendant to comply with his discovery requests. For the reasons discussed below, the Court grants in part and denies in part the motion [ECF 17].

Plaintiff first argues that defendant should be compelled to produce on a date certain the documents and information it said it would produce. Defendant served its discovery responses on August 8, 2025 but has yet to produce all of the information it agreed to produce and says it cannot give a date certain for production because "counsel is still awaiting responsive information" from its client. (ECF at 22 at 2.) Such an open-ended response is unacceptable. Defense counsel needs to impress upon defendant the need to timely produce documents. Towards that end, the Court orders defendant to produce the outstanding documents or serve on plaintiff an affidavit attesting that all responsive documents have been produced by October 8, 2025.

Plaintiff further argues that defendant should be ordered to produce call records as requested by RFP 14. Defendant objected to this request on the grounds that it "assumes that Defendant makes phone calls or is otherwise subject to the TCPA" (ECF 17-1 at 11), and it does not have possession, custody, or control of the call records maintained by its vendor, the Hardship Department. (ECF 17 at 9.) Plaintiff contends that the Hardship Department's Do Not Call policy establishes that defendant has control over its vendor's call records. The policy provides: "All staff and affiliates engaged in marketing or telemarketing activities have immediate and real-time access to our internal DNC list to ensure full compliance at all times." (ECF 17-1 at PLG 00028.) The policy does not define the term, but generally "[c]ompanies are affiliated when one company is a minority shareholder of another." https://www.investopedia.com/terms/a/affiliatedcompanies.asp (last visited Sept. 9, 2025). Plaintiff does not offer any facts that suggest defendant and the Hardship Company are related in this way, and Hardship Department's policy speaks in terms of its access to the "do not call" list, not defendant's access to Hardship Department's detailed records

as requested. Thus, the policy does not provide a basis for compelling defendant to produce its vendor's records.

Alternatively, plaintiff argues that defendant's ability to control the Hardship Company's call records and records of consent, which are requested in RFP 15, can be inferred from defendant's production of some of those records. Defendant says the fact that it produced documents "that may have once been in [its vendor's] possession, custody, or control" or "were otherwise submitted through cooperation," does not establish that defendant has control over the Hardship Company's records. (ECF 22 at 3.) The Court agrees. *See Robinson v. Moskus*, 491 F. Supp. 3d 359, 364 (C.D. Ill. 2020) ("Where a party and non-party are not corporate affiliates, '[t]he test is whether the party has a legal right to control or obtain' the documents requested; a party's 'practical ability' to obtain the documents is irrelevant absent a legal right to do so.") (quoting *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977)). Absent facts that suggest defendant has the legal right to obtain documents from the Hardship Company, and plaintiff has offered none, the Court cannot compel defendant to produce its vendor's documents.

Plaintiff's last request is for an order compelling defendant's response to interrogatory 6, which states: "If you contend that the Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained." (ECF 17-1 at 6.) Defendant responded: "See enclosed. An opt-in was received from Plaintiff on August 10, 2024." (*Id.*) Defendant produced a document purporting to reflect plaintiff's consent and identified its date. Plaintiff complains that defendant's answer "omits key facts and relies on a document lacking chain-of-custody indicia." (ECF 17 at 15.) What key facts are missing is a bit of mystery. Further, plaintiff's invocation of chain-of-custody seems misplaced. *See, e.g.,* Fed. R. Evid. 803(6). It is not clear what additional information plaintiff seeks. Accordingly, the Court denies plaintiff's motion to compel a further answer to interrogatory 6.

**SO ORDERED.**                    **ENTERED:  September 9, 2025**

_M. David Weisman_
**M. David Weisman**
**United States Magistrate Judge**