UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**PEOPLE'S LEGAL GROUP, INC.**<br><br>*Defendant*. | Civil Case No.: 25-cv-4564 |

## STATUS REPORT UNDER RULE 26(f)

The parties are submitting this joint status report pursuant to this Court's July 31, 2025 Order (ECF No. 16).

**A. Any issues with written discovery**

The parties conducted a meet and confer in August that has resulted in one motion to compel. The parties have continued to meet and confer regarding any documents that the Defendant intends to produce with respect to its relationship with the Hardship Department (which appears to be ongoing). Currently, the Defendant has only produced the following documents regarding the relationship: the Hardship Department's publicly available registration and the Hardship Department's Do Not Call policy. The Plaintiff intends to move to compel shortly other documents related to the relationship.

Defense counsel has advised Defendant of the Court's Order (Doc. No. 26) requiring Defendant "to produce the outstanding documents or serve on plaintiff an affidavit attesting that all responsive documents have been produced by October 8, 2025," and has impressed upon Defendant the need to timely produce documents.

Counsel for the Plaintiff is confident that Defense counsel has done the above and that any delay is attributable to the Defendant themselves. However, as the deadlines in this case continue to

move forward, the Plaintiff requests that a date certain be set for the completion of the production, as the Defendant's first deposition is on November 4.

B. **A proposed deposition schedule.**

Prior to the meet and confer, the Plaintiff requested a deposition date of Stephanie Devilliers, which is now set for November 4. The Plaintiff also anticipates taking a 30(b)(6) deposition at a later time. Defendant intends to take the deposition of the Plaintiff.

C. **Status of possibility of amendment related to third-party vendor.**

The Defendant has indicated that it does not intend to file a Third-Party Complaint against the Hardship Department. As explained above, the Plaintiff does not have any information regarding the vendor in order to make that decision yet.

D. **Any other issues the parties wish to raise.**

None at this time, although the parties are exploring a private mediation session.

| | |
|---|---|
| PLAINTIFF,<br>By his attorney<br>*/s/ Anthony I. Paronich*<br>Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com | DEFENDANT,<br>By their attorney<br>*/s/ Matthew T. Anderson*<br>Matthew T. Anderson<br>Kyle T. Anderson<br>Luper Neidenthal & Logan, LPA<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215<br>manderson@LNLattorneys.com<br>kanderson@LNLattorneys.com |