**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>    *Plaintiff*,<br><br> v.<br><br>**PEOPLE'S LEGAL GROUP, INC.**<br><br>    *Defendant*. | Civil Case No.: 25-cv-4564 |

**PLAINTIFF OPPOSITION TO**
**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

Plaintiff, Jorge Rojas, ("Mr. Rojas"), files this Opposition to Motion to Withdraw as Counsel for Defendant People's Legal Group, Inc. ("People's Legal") (the "Motion") and states as follows:

**Legal Argument**

Mr. Rojas does <u>not</u> oppose the Motion if People's Legal intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. However, "the ABA *Model Rules of Professional Conduct* provide that an attorney may withdraw from a case if 'good cause for withdrawal exists.'" *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing *Model Rules of Professional Conduct*, Rule 1.16(b)(7)). Here, even assuming People's Legal counsel can show good cause, withdrawal should be denied or strictly conditioned because it will materially prejudice that has occurred due to People's Legal agreeing to a deposition date, abandoning that date in order to schedule a new date (then not doing so), and the fact that they have not indicated that they intend to retain new counsel. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) ("A lawyer engaged in strategic conduct may forfeit any right to withdraw."). Similarly, "prejudice

to third parties--who might have more to lose than the unpaid lawyer--is another potential ground for denying a motion to withdraw." *Id.* Here, the outstanding discovery is directly a result of People's Legal's rescheduling request and the Plaintiff should not be prejudiced just because People's Legal has now stopped paying for their representation, as discussed below.

If People's Legal does not intend to engage new counsel and defend the case, People's Legal would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

A default judgment, and lack of participation in this matter, may afford People's Legal a strategic advantage. In a TCPA class action lawsuit, a defendant's call records and data about the calling conduct are the <u>key</u> evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions.");

*Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").   If current counsel withdraws and is not replaced and People's Legal defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Mr. Rojas will be prejudiced by his inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by People's Legal.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant*

3

*Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Mr. Rojas and the members of the putative class.

The prejudice to Plaintiff is not hypothetical. It is already occurring — and it stems directly from Defendant's repeated inability to meet basic discovery and deposition obligations while simultaneously signaling potential withdrawal and lack of cooperation. Indeed, well before this Motion was filed, defense counsel advised Plaintiff that "staying in the case really depends on the client meeting our retainer requirements" and that counsel "certainly cannot guarantee" they would not be "forced to withdraw," depending on how the case developed.

Despite that warning, defense counsel proceeded to represent to Plaintiff that depositions could be calendared, and Plaintiff relied on those representations in preparing and filing the parties' joint status report and in planning for discovery. In November 2025, Plaintiff sought confirmation of Defendant's deposition witness (Stephanie Devilliers) specifically because the deposition schedule was being referenced in Court reporting. Defense counsel advised Plaintiff to "go ahead and use December 17" for Ms. Devilliers, subject only to confirming the witness's schedule. Plaintiff relied on those representations and proceeded accordingly. However, in mid-December, Defendant abruptly abandoned the confirmed deposition plan, informing Plaintiff that Ms. Devilliers was "no longer with People's Legal Group" and thus not under its control. Defendant's counsel simultaneously acknowledged ongoing client responsiveness and management issue.

That change in position did not resolve the discovery problem. Instead, it multiplied it. Plaintiff promptly sought to avoid judicial intervention and requested that Defendant meet its Rule 26(a)(1) obligations by providing (1) the full identifying information for Ms. Devilliers, and (2) a substitute witness or corporate representative with knowledge of Defendant's operations who could verify Defendant's discovery responses and participate in a deposition without further delay. Defendant's counsel acknowledged that additional Rule 26(a)(1) information was required and represented that they were "following up" with the client. Yet Plaintiff was forced to repeatedly follow up, set deadlines for compliance, and warn that judicial intervention would be sought absent supplementation.

Even as of late December 2025, Defendant had still not provided full Rule 26(a)(1) information for Ms. Devilliers, nor timely produced a replacement witness. Defendant instead represented that Mario Rosales was an individual with knowledge of Defendant's day-to-day operations and who had assumed some of Ms. Devilliers' responsibilities — but Defendant still failed to provide prompt availability. Defendant requested that Plaintiff delay any deposition until mid-January due to counsel's travel and the holidays, even though Plaintiff had already provided multiple available dates in late December and early January and advised that he was unavailable the week of January 12.

Accordingly, Defendant has already caused rolling discovery delay by: (a) confirming a deposition date and abandoning it; (b) failing to promptly identify and produce an alternate witness or corporate representative with knowledge of Defendant's operations. These circumstances materially impair Plaintiff's ability to complete discovery and prepare for class-related proceedings — and they confirm that permitting withdrawal at this stage, without safeguards, will further prejudice Plaintiff and reward Defendant's lack of cooperation.

5

Thus, even if the Court is inclined to grant the Motion, Plaintiff respectfully requests that withdrawal be conditioned upon the appearance of substitute counsel, or at minimum, that withdrawal not become effective until Defendant satisfies its outstanding discovery obligations — including full supplementation of Defendant's Rule 26(a)(1) disclosures and completion of depositions of knowledgeable witnesses concerning Defendant's operations and Defendant's discovery responses

## Conclusion

Based on the foregoing, Mr. Rojas does not oppose the Motion if People's Legal intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. However, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, Mr. Rojas respectfully requests that withdrawal be conditioned to avoid prejudice, including by (1) requiring substitute counsel to appear by a date certain, or (2) delaying the effectiveness of withdrawal until People's Legal satisfies outstanding discovery obligations, including completion of depositions of a corporate representative or other knowledgeable witnesses regarding Defendant's operations and discovery responses.

Dated:  January 5, 2026

By:  */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*