IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jorge Rojas, on behalf of himself and all others similarly situated, ) ) ) | Case No. 1:25−cv−04564 |
| ) | Judge Jorge L. Alonso |
| Plaintiff, ) ) | Magistrate Judge M. David Weisman |
| vs. ) ) | |
| People's Legal Group, Inc., ) ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF COUNSEL**

Now come attorneys Matthew T. Anderson and Kyle T. Anderson, current counsel of record for Defendant People's Legal Group, Inc., and hereby submit their Reply Memorandum in response to Plaintiff's Opposition to Motion for Withdrawal of Counsel [Doc. No. 39].

Plaintiff argues that current defense counsel should only be permitted to withdraw from representation on the condition that Defendant People's Legal Group is forced to hire substitute counsel. This argument is not logical, as defense counsel are unaware of any legal authority under which a defendant may be required to hire legal counsel.

The ABA Model Rules of Professional Conduct, adopted by this Court under L.R. 83.50, provide that a lawyer may withdraw from representation under the following circumstances:

> *the representation* will result in an unreasonable financial burden on the lawyer or *has been rendered unreasonably difficult by the client*.

ABA Model Rule 1.16(b)(6).

Defense counsel have advised Plaintiff's counsel on at least four occasions, the first being on September 24, 2025, that defense counsel were having significant responsiveness issues from the Defendant, such that defense counsel may be left with no choice but to withdraw as counsel.

A telephonic status conference was conducted before the Magistrate Judge on September 24, 2025 to discuss outstanding discovery issues, including documents requested in Plaintiff's Motion to Compel [Doc. No 17]. During that status conference, the undersigned defense counsel represented to the Court that they were having difficulty with client responsiveness. The Court noted as much in its minute entry:

> Defense counsel noted possible client management issues and concerns with client responsiveness.

*See* Docket Entry No. 28.

The parties did mediate this case on November 13, 2025, and defense counsel continued to represent the Defendant through mediation, while attempting to serve the client's best interests and assist in settling the case. The matter was not settled, although defense counsel did again alert Plaintiff's counsel to the fact that defense counsel might be forced to withdraw under the circumstances.

Having not settled the case, defense counsel continues to run into significant client responsiveness issues as discovery moves forward. Defense counsel's request to withdraw is not just about client fee payments. Rather, the more pressing issue is that defense counsel cannot continue to represent an unresponsive client.

Plaintiff focuses his response on the financial aspect of counsel's withdrawal. However, without a responsive client, defense counsel's representation **has been rendered unreasonably difficult by the Defendant**. Consistent with ABA Model Rule 1.16, defense counsel should be permitted to withdraw as counsel.

To the extent the Defendant proceeds without counsel, effectively giving rise to a default, this should be of no consequence to the Motion before the Court. Forcing defense counsel to stay in this case does nothing to advance the ball on discovery. Defense counsel has no control over whether the Defendant will be responsive in terms of setting depositions or supplementing discovery. If defense counsel remains in the case but cannot obtain timely responses from their client, the only response to Plaintiff's request for deposition dates is something to the tune of the following: "Counsel – We have not received a response from People's Legal Group, and therefore we do not have any deposition dates for you." That certainly does not serve the ends of justice, as any perceived "delay" in responding to discovery is of no fault of the undersigned counsel.

Indeed, the respective parties confirmed as much in a Status Report filed with the Court on September 20, 2025 [Doc. No. 27]:

> Defense counsel has advised Defendant of the Court's Order (Doc. No. 26) requiring Defendant "to produce the outstanding documents or serve on plaintiff an affidavit attesting that all responsive documents have been produced by October 8, 2025," and has impressed upon Defendant the need to timely produce documents.
>
> Counsel for the Plaintiff is confident that Defense counsel has done the above and that any delay is attributable to the Defendant themselves.

*See* Status Report [Doc. No. 27].

It is simply not possible – or reasonable – for defense counsel to continue to represent the Defendant here, as said representation has been made unreasonably difficult by the client. Requiring defense counsel to remain in this case is not going to resolve Plaintiff's "discovery problem." Defense counsel fails to understand how staying in this case as "counsel of record" will somehow force People's Legal Group to "satisfy[y] outstanding discovery obligations, including completion of depositions of a corporate representative or other knowledgeable witnesses."

3

Finally, for the purpose of this Reply Memorandum, People's Legal Group, Inc. has executed a document titled Termination and Discharge of Legal Representation. (*See* attached Exhibit A).

Under the ABA Model Rules:

Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(3) the lawyer is discharged; or

ABA Model Rule 1.16(a).

And paragraph (c), as referenced above, provides as follows:

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

ABA Model Rule 1.16(c).

In the case at bar, good cause exists for permitting defense counsel to withdraw as counsel of record. The representation by defense counsel has been rendered unreasonably difficult by People's Legal Group. Moreover, People's Legal Group has effectively discharged the undersigned counsel from continuing to represent Defendant.

For these reasons and the reasons set forth in defense counsel's Motion, defense counsel respectfully request an order withdrawing them as counsel of record in this action.

[ATTORNEY SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

**LUPER NEIDENTHAL & LOGAN**
A Legal Professional Association

*/s/ Matthew T. Anderson*
*/s/ Kyle T. Anderson*
Matthew T. Anderson (OH 0082730)
Kyle T. Anderson    (OH 0097806)
1160 Dublin Road, Suite 400
Columbus, Ohio 43215
Telephone:   (614) 221-7663
Facsimile:   (866) 345-4948
Email: manderson@lnlattorneys.com
Email: kanderson@lnlattorneys.com
*Withdrawing Counsel for Defendant People's Legal Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of January, 2026, a copy of the foregoing was electronically filed through the Court's CM/ECF system, which will provide service to Plaintiff's counsel of record:

Anthony I. Paronich
PARONICH LAW, P.C.
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

                                                        */s/ Mattew T Anderson*
                                                       Matthew T. Anderson (0082730)
                                                       *Withdrawing Counsel for Defendant*