UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**PEOPLE'S LEGAL GROUP, INC.**<br><br>*Defendant*. | Civil Case No.: 25-cv-4564 |

## JOINT STATUS REPORT

Pursuant to the Court's December 3, 2025 Minute Order (Dkt. 35), the parties submit this status report regarding the status of discovery. Discovery cannot meaningfully proceed at present due to Defendant's pending motion to withdraw counsel (Dkt. 37), now noticed for presentment before Judge Alonso on January 22, 2026 (Dkt. 41), and the resulting uncertainty regarding Defendant's continued representation and participation in discovery. Plaintiff has set forth the prejudice from withdrawal without substitute counsel in Plaintiff's opposition (Dkt. 39), including that Defendant has outstanding discovery obligations and has not completed depositions of knowledgeable witnesses necessary to move the case forward that they have both scheduled and otherwise provided dates to appear at (only to then not appear).

In addition to the outstanding discovery issues described in Plaintiff's opposition (Dkt. 39), the parties' communications reflect continuing gaps in Defendant's Rule 26(a)(1) disclosures regarding key individuals. Defendant has represented that Mario Rosales is an individual with knowledge of Defendant's day-to-day operations and has been discussed as a deposition witness, yet Defendant has not provided complete Rule 26(a)(1)(A)(i) information for Mr. Rosales. Further, Defendant's reply in support of withdrawal (Dkt. 40) attaches a signed termination-of-representation document bearing Mr. Rosales's signature, but Defendant still has not provided the

Rule 26(a)(1) information needed to locate and subpoena him. Plaintiff has requested that Defendant identify which office Mr. Rosales is located at (or provide the applicable Rule 26(a)(1) information), and Plaintiff intends to issue a subpoena absent prompt supplementation.

Defense counsel's withdrawal request has effectively stalled discovery and inhibits deposition scheduling and enforcement of Defendant's discovery obligations. Plaintiff cannot reasonably proceed with depositions or other discovery steps while Defendant's representation status remains unresolved—particularly given the risk that Defendant, a corporate entity, may be left unrepresented—and while critical Rule 26(a)(1) information for key witnesses remains incomplete. Proceeding under these circumstances risks further delay, inefficiency, and prejudice.

Under the current schedule, discovery is set to close on February 13, 2026, and Plaintiff's motion for class certification is due on February 27, 2026. Plaintiff submits that the current stalemate created by the pending withdrawal motion and the outstanding discovery and disclosure issues jeopardizes Plaintiff's ability to meet these deadlines absent Court intervention or appropriate conditions on withdrawal. Plaintiff respectfully submits that Court guidance is necessary before discovery can move forward. Plaintiff requests that discovery not proceed unless and until Defendant is represented by substitute counsel or the Court imposes conditions ensuring compliance with Defendant's outstanding discovery obligations, including supplementation of Rule 26(a)(1) disclosures for key individuals (including Mario Rosales) and completion of depositions of knowledgeable witnesses.

Defense counsel does not disagree with Plaintiff's assertion that the pending withdrawal motion has created a "stalemate" and has essentially stalled discovery. Defense counsel notes that early in the case, they did raise to the Court significant issues of client responsiveness. While defense counsel was able to secure Defendant's participation in mediation, Defendant is now unresponsive, other than recently confirming that defense counsel should withdraw in this case.

Defense counsel has advised Defendant that proceeding without counsel could result in a default judgment. Irrespective of the Court's ruling on the motion for withdrawal, defense counsel has no ability to provide any further discovery or information to Plaintiff, other than what has already been provided. Under these circumstances, defense counsel maintains that their representation of Defendant has been made unreasonably difficult by the Defendant.

| Counsel for Plaintiff: | Counsel for Defendant: |
|---|---|
| */s/ Anthony I. Paronich* <br> Anthony I. Paronich <br> **PARONICH LAW, P.C.** <br> 350 Lincoln Street, Suite 2400 <br> Hingham, MA 02043 <br> Tel: (617) 485-0018 <br> Fax: (508) 318-8100 <br> anthony@paronichlaw.com | */s/ Matthew T. Anderson* <br> Matthew T. Anderson <br> **LUPER NEIDENTHAL & LOGAN, LPA** <br> 1160 Dublin Road, Suite 400 <br> Columbus, OH 43215 <br> Tel: (614) 229-4473 <br> Fax: (866) 345-4948 <br> manderson@LNLattorneys.com |