UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PEOPLE'S LEGAL GROUP, INC.**<br><br>*Defendant*. | Civil Case No.: 25-cv-4564 |

## PLAINTIFF'S MOTION TO COMMENCE DISCOVERY

Plaintiff Jorge Rojas ("Plaintiff"), on behalf of himself and all others similarly situated, respectfully moves this Court for an Order permitting Plaintiff to commence discovery following the entry of default against Defendant Peoples Legal Group, Inc. ("Defendant"). In support thereof, Plaintiff states as follows.

Plaintiff brings this class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted to address the widespread proliferation of intrusive and unwanted telemarketing calls. Congress enacted the TCPA after recognizing that unsolicited robocalls and telemarketing calls are a serious invasion of consumer privacy. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

Plaintiff alleges that Defendant initiated unsolicited telemarketing calls using a prerecorded voice message to Plaintiff and numerous other consumers without prior express written consent in violation of the TCPA. The Complaint alleges that Defendant and/or its agents transmitted prerecorded telemarketing calls to Plaintiff and other consumers without consent and seeks relief on behalf of a nationwide class of similarly situated individuals.

Defendant initially appeared in this case through counsel and participated in early stages of the litigation. However, Defendant ultimately ceased participating in the litigation after its

counsel moved to withdraw and Defendant failed to obtain substitute counsel as required by this Court. Because a corporation cannot appear in federal court without licensed counsel, Defendant's failure to retain counsel resulted in Defendant failing to defend this action. Plaintiff therefore moved for entry of default, and on February 26, 2026, this Court granted Plaintiff's motion and entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).

Although default has been entered, Plaintiff cannot presently seek a classwide default judgment because this action is brought as a class action and there is more work that must be done in discovery. Plaintiff has not yet moved for class certification under Federal Rule of Civil Procedure 23 and the Court has not issued class notice under Rule 23(c)(2). Discovery is also going to be needed to ensure that class members are given appropriate notice to the class under Rule 23(c)(2), both of which are prerequisites to seeking a classwide default judgment. *Heinz v. Dubell Lumber Co.*, No. 19cv8778, 2020 WL 6938351, at *8 (D.N.J. Nov. 25, 2020) (certifying default judgment class but denying default judgment because "Plaintiff has not sent notice to the proposed class members, and therefore by entering a default judgment, this Court would be binding persons whose rights are at issue without first giving them proper notice"); *Deluca v. Instadose Pharma Corp.*, No. 2:21-CV-675, 2023 WL 5489032, at *9 (E.D. Va. Aug. 24, 2023) ("Courts have broadly held that default judgment cannot be entered in a class action until a Rule 23(c)(2) notice is issued.").

The information necessary to identify class members and determine whether class certification is appropriate consists primarily of telemarketing call records and related dialing data identifying the individuals who were contacted, the dates and times of the calls, and the campaigns through which those calls were made. Such records are typically maintained by the defendant or by third-party dialing vendors or telecommunications providers used to transmit the

calls. In this case, discovery has already revealed that Defendant's telemarketing outreach involved a third-party vendor referred to as the Hardship Department, which appears to have generated or transmitted calls on Defendant's behalf. Records maintained by Defendant or its vendor are therefore likely to contain critical information identifying the individuals who received the prerecorded calls at issue.

Courts have repeatedly recognized that discovery directed to dialing vendors and telecommunications providers is often necessary in TCPA class actions because those entities frequently maintain the call detail records used to identify class members. Courts have therefore authorized discovery requiring defendants to obtain and preserve outbound call records maintained by their vendors or service providers. See *Fitzhenry v. Career Educ. Corp.,* N.D. Ill. Civil Action No. 14-cv-10172 (ordering defendant to obtain outbound call records maintained by dialing vendors); *Dickson v. Direct Energy, Inc.,* No. 5:18-cv-00182 (N.D. Ohio May 21, 2018) (requiring defendant to obtain calling records from vendor).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order permitting Plaintiff to commence discovery in the normal course, including discovery directed to Defendant, it's agents and companies it has done business with as well as any third-party entities that may possess records identifying putative class members, for the purpose of identifying class members, seeking class certification, and ultimately pursuing classwide default judgment. DATED this 9th day of March, 2026.

                              PLAINTIFF,
                              By his attorneys,

                              By: */s/ Anthony I. Paronich*
                              Anthony I. Paronich
                              Paronich Law, P.C.
                              350 Lincoln Street, Suite 2400
                              Hingham, MA 02043

(508) 221-1510
anthony@paronichlaw.com